**REVERSE and REMAND; and Opinion Filed July 13, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-15-00554-CV
_____

## IN THE INTEREST OF J.A.C. AND Z.C.C., CHILDREN

On Appeal from the 416th Judicial District Court
Collin County, Texas
Trial Court Cause No. 416-54259-2014

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Brown
Opinion by Justice Lang-Miers

Twins J.A.C. and Z.C.C., through Mother, appeal from the trial court's order dismissing their petition to adjudicate parentage. The twins, who were 14 years old at the time of the hearing, sought to terminate the parent–child relationship between them and their adjudicated father of 14 years (Cramer) and to establish the parent–child relationship between them and another man (Massey). The trial court concluded that Cramer was the twins' acknowledged and adjudicated father and the twins did not have standing to collaterally attack his paternity. We conclude that the trial court erred by dismissing the twins' petition. We reverse the trial court's order and remand for further proceedings consistent with this opinion.

### BACKGROUND

Mother and Cramer married in 1997. Mother had a child in 1998 and another in 2000. Sometime prior to the birth of the twins in 2001, Mother met Massey in South Carolina and began an extramarital affair with him that continued until 2014. In 2004, Mother and Cramer

divorced in South Carolina. Sometime after their divorce, Mother and Cramer remarried each other, and then divorced again in 2008, this time in Georgia.

In 2014, the twins, through Mother, sued Massey and Cramer to have Massey adjudicated as their father and to exclude Cramer as their father. In 2015, Cramer relinquished his parental rights to the twins. Massey answered and filed a plea to the jurisdiction in which he argued that the trial court did not have jurisdiction over the lawsuit because Cramer is the twins' acknowledged father and was twice adjudicated as the twins' father in the South Carolina and Georgia divorce decrees. He argued that the twins did not have standing to bring the suit and, as a result, the court did not have jurisdiction over their claims.[1]

The trial court conducted a hearing on Massey's plea to the jurisdiction and granted the plea, dismissed the twins' lawsuit, and rendered findings of fact and conclusions of law. The twins appeal, arguing that the trial court erred by concluding that they lacked standing under the family code to challenge paternity.

## DISCUSSION

The Texas Family Code states that every determination of parentage in Texas is governed by Chapter 160 of the family code regardless of where the child was born or lived. TEX. FAM. CODE ANN. § 160.103(a)–(b) (West 2014). Section 160.102 states that "'[d]etermination of parentage' means the establishment of the parent–child relationship by the signing of a valid acknowledgment of paternity under Subchapter D or by an adjudication by a court." *Id.* § 160.102(5) (footnote omitted). An acknowledgment of paternity satisfying the requirements of Subchapter D is the equivalent of an adjudication of paternity. *Id.* §§ 160.201(b)(2), .305(a).

Section 160.637 of the family code states that a child is not bound by a determination of parentage unless:

---

[1] None of the twins' pleadings are contained in our appellate record.

(1) the determination was based on an unrescinded acknowledgment of paternity and the acknowledgment is consistent with the results of genetic testing;

(2) the adjudication of parentage was based on a finding consistent with the results of genetic testing and the consistency is declared in the determination or is otherwise shown; or

(3) the child was a party or was represented in the proceeding determining parentage by an attorney ad litem.

*Id.* § 160.637.

The trial court concluded that the twins did not have standing to challenge the parentage of Cramer because Cramer was the "acknowledged father" of the twins before the two divorce decrees were rendered, and the family code prohibits "a collateral attack on an acknowledgment of paternity . . . after the issuance of an order affecting the child identified in the acknowledgment . . . ." *See id.* § 160.308(c). The court also found that Cramer was the children's adjudicated father. The twins argue that there is no evidence that Cramer acknowledged paternity satisfying the requirements of Subchapter D, the adjudication of paternity in the two divorce decrees was not based on genetic testing, and there is no evidence that the twins were parties or were represented by an attorney ad litem in the divorce proceedings. We agree with the twins.

The first exception to the binding effect of a determination of parentage applies to an acknowledgment of paternity. *See id.* § 160.637(b)(1). The trial court's finding that Cramer was the twins' acknowledged father appears to be based on Massey's contention that Cramer acknowledged his paternity when he signed the twins' birth certificates. However, the birth certificates are not in the record, and there is no other evidence in the record showing that the birth certificates satisfied the requirements of an acknowledgment of paternity under Subchapter D, *see id.* §§ 160.301–.315 (requirements for acknowledgment of paternity), or were consistent with the results of genetic testing, *id.* § 160.637(b)(1) (determination of parentage not binding on child unless based on unrescinded acknowledgment of paternity and acknowledgment consistent

–3–

with results of genetic testing). Massey argues that the twins may not challenge the acknowledgment of paternity after four years. *See id*. § 160.308. However, this limitations period applies only when there is an acknowledgment of paternity satisfying the requirements of Subchapter D. *See id*. We have concluded that there is no valid Subchapter D acknowledgment of paternity in this record. Consequently, we conclude that the exception in subsection 160.637(b)(1) does not apply.

The second exception to the non-binding effect of a determination of parentage applies to an adjudication of parentage. *See id*. § 160.637(b)(2). To be binding on the child, the adjudication of parentage must have been "based on a finding consistent with the results of genetic testing and the consistency is declared in the determination or is otherwise shown." *Id*. It is undisputed that the divorce decrees adjudicated Cramer as the twins' father, but the decrees do not state that the adjudications were based on findings consistent with the results of genetic testing. *See id*. Although the South Carolina court found that four children had been born of the marriage, the decree does not state that the court's finding was based on genetic testing that was consistent with the adjudication of paternity. *See id*. The Georgia divorce decree was based on a settlement agreement between Cramer and Mother. The settlement agreement states that four children were born of the marriage, but it also does not contain a statement that the determination of parentage was based on a finding consistent with the results of genetic testing. *See id*. Consequently, we conclude that the exception in section 160.637(b)(2) does not apply.

The third exception to the non-binding effect of a determination of parentage is that the children were either parties or represented by an attorney ad litem in the parentage proceedings. *See id*. § 160.637(b)(3). But the record does not indicate that the children were parties to either divorce proceeding, nor does it show that they were represented in the proceedings by an attorney ad litem. *See id*. Consequently, we conclude that this exception does not apply.

–4–

Because the family code specifies that a child is not bound by a prior determination of parentage except in three situations, and we have concluded that based on this record none of those situations applies here, we further conclude that the trial court erred by dismissing the twins' petition on the ground that they lacked standing to challenge the determination of parentage. We resolve the twins' sole issue in their favor.

## CONCLUSION

We reverse the trial court's April 14, 2015 order granting Massey's plea to the jurisdiction and dismissing the twins' second amended petition to adjudicate parentage and terminate the parent–child relationship and remand to the trial court for further proceedings consistent with this opinion.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

150554F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF J.A.C. AND Z.C.C.

No. 05-15-00554-CV

On Appeal from the 416th Judicial District Court, Collin County, Texas

Trial Court Cause No. 416-54259-2014.

Opinion delivered by Justice Lang-Miers. Justices Evans and Brown participating.

In accordance with this Court's opinion of this date, the April 14, 2015 order of the trial court granting Eldon Wayne Massey's plea to the jurisdiction and dismissing J.A.C. and Z.C.C.'s second amended petition to adjudicate parentage and terminate the parent–child relationship is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellants J.A.C. and Z.C.C. recover their costs of this appeal from appellee Eldon Wayne Massey.

Judgment entered this 13th day of July, 2016.